UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PROPERTY-OWNERS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 1:16-cv-00211-TWP-TAB ) ) |
| TIM STOFER, and TRISTAN STOFER, | ) ) ) |
| Defendants. | ) ) |

**REPORT AND RECOMMENDATION TO
ENTER DEFAULT JUDGMENT AGAINST DEFENDANTS**

As Plaintiff Property-Owners Insurance Company moves for entry of default judgment, Defendants Tim Stofer and Tristan Stofer ask the Court to set aside the Clerk's entry of default so that they can file an answer to the complaint. For reasons explained below, the Court should not enter the Stofers' proposed answer and should enter a default judgment in favor of Plaintiff.

**I.    Background**

This is an action seeking a declaratory judgment that Plaintiff is not liable under an insurance policy it issued to former Defendant Brown-Stevens 910 Veterans of Foreign Wars, Inc. for claims brought by Tim Stofer and Tristan Stofer in the Boone Circuit Court. In that action, the Stofers allege VFW's negligent provision of alcoholic beverages to a motorcyclist resulted in bodily injury damages to the Stofers. Here, Plaintiff seeks entry of a default judgment, declaring that it owes no duty to defend or indemnify VFW under Policy No. 954602-09825763-13, for the tort claims made by Tim Stofer and Tristan Stofer in the Boone County Circuit Court, Cause No. 06C01-1406-CT-301.

In this case, summonses were issued to the Stofers and Plaintiff filed returns, showing that Tristan Stofer was served with the complaint on March 25, 2016, and Tim Stofer was served on April 16, 2016. After the Stofers did not respond to the complaint, on June 29, 2016, Plaintiff moved for entry of default. On August 3, 2016, the Clerk entered default against the Stofers for failure to plead or otherwise defend in this action. On August 10, 2016, Plaintiff moved the Court to enter a default judgment against the Stofers. On August 23, 2016, the Stofers appeared by counsel and moved for leave to answer the complaint.

**II.     Plaintiff meets procedural requirements for obtaining a default judgment**

Obtaining a default judgment entails two steps. First, the party seeking a default judgment must file a motion for entry of default with the Clerk of Court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a). This step was completed when the Clerk entered a default. Second, the moving party must seek entry of a default judgment against the defaulting party. Fed. R. Civ. P. 55(b). Because this action seeks a declaratory judgment, plaintiffs "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Rule 55(b) requires Plaintiff to establish the following: (1) when and against what parties the default was entered, (2) the pleading as to which default was entered, (3) that the defaulting parties are neither infants nor incompetent, (4) that the defendants are not in military services, and (5) that notice has been served on the defaulting party. *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006)

In this case, all of the requirements for entry of a default judgment under Rule 55(b)(2) are satisfied. Plaintiff's memorandum points out that a default was entered against Tristan Stofer and Tim Stofer on August 3, 2016. Plaintiff also identifies the complaint as the subject of the

2

default. Both memorandum and uncontroverted affidavit of David L. Taylor state that Plaintiff has no reason to believe Tristan Stofer and Tim Stofer are either infants, incompetent, or serving in the military. The Stofers were served and the response period passed before the motion for default was filed. The Stofers do not deny receiving the complaint or motion for default, consistent with Plaintiff's counsel's certificate of service, which satisfies the notice requirement. Therefore, Plaintiff complied with the procedural requirements for obtaining a default judgment.

### III.     Entry of default judgment is appropriate

While the Seventh Circuit generally favors a trial on the merits, it does not disfavor default judgments. *J & J Sports Prods., Inc. v. Kotsopoulos*, No. 1:13-CV-346-SLC, 2015 WL 5730343, *3 (N.D. Ind. 2015). Typically, courts grant relief from default in the case of "excusable neglect." *Johnson*, 35 F.3d at 1117. Entry of default judgment is appropriate if the defaulting party has exhibited a "willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

Relief from the entry of a default prior to a default judgment being entered is evaluated under Rule 55(c). *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015). Under this rule, the Court exercises discretion under a somewhat more lenient standard than if judgment had actually been entered. *Id.* "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint."[1] *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir.

---

[1] Plaintiff points to *Golden v. Nat'l Fin. Adjusters*, 555 F. Supp. 42, 44 (E.D. Mich. 1982) for the proposition that whether the default was willful is the second factor instead of whether the action to correct it was quick. However, whether the default was willful is the test for good cause in this circuit. Willfulness is therefore analyzed under good cause.

2009). Courts also consider the possible prejudice to the parties and the Court's docket if the default is entered. *JMB*, 799 F.3d at 793.

### A. Good cause for default

A party establishes good cause by showing that "it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence." *Cracco*, 559 F.3d at 631. Good cause does not necessarily require a good excuse for the defendant's lapse. *JMB*, 799 F.3d at 793; *see also Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) (finding good cause because of disproportionate damages, even though there was no good excuse for inattention). Good cause is found with an honest mistake, not as the result of willful misconduct, carelessness or negligence. *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984).

The Stofers do not show good cause for their default. The Stofers suggest good cause exists because they incorrectly assumed that the federal complaint belonged to the underlying state court case. The Stofers point out that they are represented by counsel in the state court case, however they did not notify him of any of the federal filings until August 16, 2016, approximately two weeks after the Clerk entered default. In fact, the Stofers waited approximately four months from receiving service to mention the federal filings to their attorney. The Stofers claim to believe their attorney was served with the same, but they make no indication that they believed he was making a response on their behalf, nor do they claim they were unaware of the response deadline.

The Stofers' failure to respond to Plaintiff's complaint is not a simple error, such as a mistake in calendaring. Rather, the Stofers received the complaint, signed the certified mail receipt card, and then read and understood that it was a court document related to their tort claim.

After this, the Stofers chose not to alert their attorney and chose not to respond—willfully ignoring the complaint. The Stofers may be laypeople, but inadvertence on their part is undermined, particularly by the fact that they had access to counsel at all times while this action was pending. Even given a lenient standard, the Stofers fail to show that their failure to respond was anything but careless and willful disregard for the pending litigation. Thus, good cause for the default has not been shown.

### B. Quick action to correct the default

The Stofers show that they took quick action to correct the entry of default, insofar as their attorney filed a motion for leave to answer before the Court entered judgment. The Stofers' attorney explains that he immediately filed the pending motion for leave to file an answer once he became aware of the entry of default. Notably, the motion was filed within the proper time to respond to Plaintiff's motion for entry of default judgment. Given the lenient standards for the application of Rule 55(c), this qualifies as quick action on the part of the Stofers to correct their mistake.

### C. The existence of a meritorious defense to the original complaint

A meritorious defense is supported by a legal and factual basis, raising serious doubt about the appropriateness of entering a default judgment. *Richards v. O'Daniel*, No. 3:11-CV-63-RLY, 2012 WL 695820, *3 (S.D. Ind. 2012); *Standard Ins. Co. v. Cole*, 2005 WL 4882772, *3 (S.D. Ind. 2005). "A defense is meritorious if it is good at law so as to give the fact finder some determination to make. However, a defendant must allege more than ... bare legal conclusions." *Franklin v. PTS of America, LLC*, No. 08-CV-1264, 2010 WL 582618, *2 (C.D. Ill. 2010).


The Stofers do not allege a meritorious defense in this matter. Specifically, they allege, "Defendants believe they have a Meritorious Defense" and file a proposed answer. [Filing No. 29.] As Plaintiff points out, this type of bare legal conclusion does not suffice. The Stofers also suggest their defenses include a tenable state court claim, and "all defenses alleged by [VFW] in its Answer to Plaintiff's Complaint." *Id*. However, VFW settled with Plaintiff before filing an answer or asserting any defenses. What is more, VFW agreed that all of the claims against it in the underlying state court case are excluded from coverage by Plaintiff, who VFW agrees owes no duty to defend or indemnify it in that case. [Filing No. 23.] This takes away the Stofers' remaining defenses. If VFW agreed Plaintiff owes no duty to defend it in the state court case, the tenability of the Stofers' tort claim against Plaintiff is highly speculative. Furthermore, the proposed answer asserts no affirmative defenses. Ultimately, the Stofers point to nothing that can be considered a meritorious defense.

### D.    Prejudice to the parties and the Court's docket

The Stofers are not prejudiced by a declaratory judgment on an unlikely legal theory that Plaintiff is liable for their state court claims. On the other hand, setting aside the entry of default would prejudice Plaintiff by forcing it to litigate a case with no apparent legal defense. Furthermore, the Court has a full caseload.[2] Were the Court to preserve this case, other litigants that wish to engage in the adversarial process before the Court are prejudiced. *See Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir. 1994) (noting it has "become more tolerant of the

---

[2] In fact, this Court has had a judicial vacancy pending for a district judge since June 30, 2014, and this vacancy has been deemed a judicial emergency. *Current Judicial Vacancies,* Administrative Office of the U.S. Courts, *available at* http://www.uscourts.gov/judges-judgeships/judicial-vacancies/current-judicial-vacancies; *Status of Article III Judgeships - Judicial Business 2015,* Administrative Office of the U.S. Courts, *available at* http://www.uscourts.gov/status-of-article-iii-judgeships-judicial-business-2015#Table11.

use of default judgments in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not"). Therefore, prejudice to the Stofers is low with the entry of a default judgment, whereas prejudice to Plaintiff and the Court's docket is high.

## V.    Conclusion

Although the Stofers' attorney quickly moved for leave to file an answer to the complaint, the Stofers' refusal to respond and litigate this case was willful. The Stofers show no viable defense to Plaintiff's claim, and entry of default is not prejudicial to the Stofers. Therefore, the Magistrate Judge finds it is not appropriate to set aside the entry of default and enter the Stofers' proposed answer. The Magistrate Judge recommends that the Court direct the entry of judgment in favor of Plaintiff.

Accordingly, Plaintiff's motion for entry of a default judgment [Filing No. 27] should be granted and Defendants' motion for leave to answer [Filing No. 31] should be denied. Judgment in favor of Plaintiff should be entered, declaring that Property Owners Insurance Company owes no duty to defend or indemnify Defendant Brown-Stevens 910 Veterans of Foreign Wars, Inc. under Policy No. 954602-09825763-13 concerning claims made by Tim Stofer and Tristan Stofer in the Boone Circuit Court, Cause No. 06C01-1406-CT-301.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 10/17/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

7

Distribution:

Thomas A. Whitsitt
GIDDINGS WHITSIT & WILLIAMS
taw@mymetronet.net

Michael W. Phelps
KEN NUNN LAW OFFICE
mikep@kennunn.com

Misti Presnell DeVore
TAYLOR LAW FIRM PC
mdevore@taylorlitigation.com

David L. Taylor
TAYLOR LAW FIRM, PC
dtaylor@taylorlitigation.com